**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LONNIE DEE BROWN,

     Petitioner - Appellant,

v.

TRACY MCCOLLUM, Warden,

     Respondent - Appellee.

No. 16-6183
(D.C. No. 5:16-CV-00048-F)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.
_____

Lonnie Dee Brown is serving a life sentence after being convicted in Oklahoma state court of sexually assaulting his eight-year-old granddaughter. He unsuccessfully appealed to the Oklahoma Court of Criminal Appeals (OCCA), then petitioned for habeas relief in federal district court under 28 U.S.C. § 2254. The district court denied the petition, and we granted a certificate of appealability on a single issue: "whether [Brown] was denied the right to confront and cross examine his accuser in any meaningful manner." We now affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Police began investigating Brown after his granddaughter, S.B., told her grandmother and others that Brown had forced her to perform various sex acts. At trial, the prosecution's evidence was primarily S.B.'s testimony and her prior statements describing the abuse.

S.B. testified twice during Brown's trial. According to OCCA,[1] the prosecution began its direct-examination of S.B. by trying to put her "at ease and establish a rapport." J.A. at 33. But S.B. eventually "became unresponsive, prompting the judge to call a recess. After the break, S.B. said that she did not want to talk to the prosecutor about Brown," but "agreed that things happened between her and Brown that were 'not okay.'" *Id*. She also described "talking to a 'lady' at the hospital about" what happened and affirmed "her statements at the hospital were true." *Id*. On cross-examination, defense counsel asked S.B. about her statement at the hospital. When S.B. told him she did not want to talk about it, defense counsel asked whether that was because her statement was untrue. S.B. responded, "[i]t is true" and refused to answer any more questions. *Id*.

Defense counsel recalled S.B. in Brown's case-in-chief. She was initially "very responsive and answered defense counsel's questions." *Id*. at 34. "She responded to questions about vaginal and anal sex, but became uncooperative when it

---

[1] We presume OCCA's factual findings are correct because Brown has failed to prove otherwise. *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

appeared to her that defense counsel was repeating questions she had already answered." *Id*. On cross-examination by the prosecutor, S.B. "said that on more than one occasion she put her mouth on Brown's penis and that 'white stuff' came out that she swallowed." *Id*. She affirmed that "her prior testimony that Brown put his penis in her vagina and 'butt' was the truth." *Id*. But "S.B. became unresponsive" on re-direct, and the trial court eventually excused her subject to recall. *Id*. at 34-35.

Unhappy with S.B.'s testimony, defense counsel asked the trial court to declare her unavailable. The trial court denied his request, finding S.B. "had testified to the best of her ability." *Id*. at 35.

On appeal to OCCA, Brown argued that S.B.'s refusal to answer some of his attorney's questions violated his Sixth Amendment right to confront the witnesses against him. OCCA disagreed. It reasoned that S.B. was only ten years old when she testified and the experience was clearly difficult for her. Nevertheless, S.B. testified twice during the trial and answered questions from both the prosecutor and defense counsel. The trial court placed no restrictions on defense counsel's questioning, and although S.B. eventually became unresponsive, it was defense counsel's choice to stop questioning her. Finally, defense counsel took advantage of S.B.'s refusal to answer questions by arguing in closing that her silence was a sign of dishonesty. For these reasons, OCCA concluded Brown had an adequate opportunity to confront and cross-examine S.B.

3

Brown now argues that OCCA's ruling was contrary to the Supreme Court's holding in *Davis v. Alaska*, 415 U.S. 308 (1974), so the district court should have granted his petition for habeas relief.

## II. Relevant Law

To determine whether the district court erred by denying habeas relief, we review its "findings of fact for clear error and its conclusions of law de novo." *House v. Hatch*, 527 F.3d 1010, 1014-15 (10th Cir. 2008) (internal quotation marks omitted).

OCCA decided Brown's claim on the merits, so the district court could grant habeas relief only if (1) OCCA's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law"; or (2) the decision "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). Brown does not argue the decision was based on unreasonable findings of fact, so we focus on whether it was contrary to or an unreasonable application of clearly established law.

For purposes of § 2254(d), "clearly established Federal law" means holdings of the United States Supreme Court. *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). A decision is "contrary to" clearly established law if the state court either "applies a rule that contradicts the governing law set forth in Supreme Court cases," or "confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court" and reaches a different result. *House*, 527 F.3d at 1018 (internal quotation marks omitted). In contrast, a decision involves "an unreasonable

4

application" of clearly established law if it identifies the correct legal rule but unreasonably applies it to the facts. *Id.*

### III. Analysis

OCCA's decision that Brown had an adequate opportunity to cross-examine S.B. was not contrary to the Supreme Court's holding in *Davis*.

The Confrontation Clause of the Sixth Amendment gives a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. This guarantees "an adequate opportunity to cross-examine adverse witnesses." *United States v. Owens*, 484 U.S. 554, 557 (1988). But as OCCA pointed out, it does not require "cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Id.* at 559 (internal quotation marks omitted).

In *Davis*, the defendant was accused of burglarizing a bar, and a key prosecution witness was on probation for a similar offense. 415 U.S. at 309-11. Defense counsel wanted to cross-examine the witness about his pending probation to show he was biased and vulnerable to police pressure, but the trial court refused to allow it. *Id.* at 311. The Supreme Court reversed. *Id.* at 320. It held that, by preventing defense counsel from "expos[ing] to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness," the trial court denied defendant "the right of effective cross-examination." *Id.* at 318.

This case involved a different legal issue than *Davis* and easily distinguishable facts. *Davis* did not reach the question in this case: whether a witness' refusal to answer some of defense counsel's questions violates the defendant's right to confront

5

her. OCCA could not contradict *Davis* on an issue it did not address. *See Woods*, 135 S. Ct. at 1377 ("Because none of our cases confront the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks omitted)). And unlike *Davis*, the trial court in this case placed no limits on defense counsel's cross-examination. Indeed, Brown points to no facts bearing on the reliability of S.B.'s testimony that he was prevented from exposing to the jury. Any superficial similarity between this case and *Davis* is not enough to find OCCA's decision contrary to the Supreme Court's holding in that case. *See id.* ("[I]f the circumstances of a case are only 'similar to' our precedents, then the state court's decision is not 'contrary to' the holdings in those cases.").

Because Brown has failed to show OCCA's decision is contrary to clearly established Supreme Court precedent, the district court properly denied his motion for habeas relief.

## IV. Conclusion

We affirm.

Entered for the Court

Bobby R. Baldock
Circuit Judge

6